FILED
FEB - 5 2015
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:15CR0052 JAR/NAB |
| ) | |
| LORRAINE JACKSON-McCLURE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INDICTMENT

### COUNT ONE
[Theft of Government Property]

**THE GRAND JURY CHARGES THAT:**

At all times material to these charges:

1. The Social Security Act of 1935 initiated the Federal and State Unemployment Insurance (UI) System, designed to provide benefits to persons out-of-work due to no fault of their own. The purpose of the UI System was to lessen the effects of unemployment through cash payments made directly to laid-off workers, insuring that at least a significant portion of necessities of life, most notably food, shelter and clothing were met on a week-to-week basis while the worker sought employment.

2. The UI System is administered for the federal government in Missouri by the Missouri Division of Employment Security (MODES).

3. Upon becoming involuntarily unemployed, a worker can make a claim for benefits by either contacting MODES by telephone or submitting an application via the Internet. The application claim form includes the applicant's name, social security number, information on past employment including the last employer's name, dates worked and reason for becoming

unemployed. To continue receiving benefits each week thereafter, the worker is required to submit a claim either via the Internet or telephone requesting additional payment of benefits. The weekly claim forms require the worker to certify whether he or she worked and received any earnings during the weekly period.

4. When the initial claim is filed, the claimant is given printed material concerning his or her rights and responsibilities under the Missouri Employment Security Law. That material includes an explanation of the necessity for reporting all wages earned from any source during the weeks for which benefits are claimed and the necessity for reporting other forms of income such as tips, commissions, vacation and holiday pay, military reserve drill pay, workers' compensation or employer pension. Also included is a statement regarding penalties provided for knowingly making false statements or withholding information to obtain or increase benefits.

5. In addition, the website operated by MODES, www.labor.mo.gov/DES/Claims, and the automated phone system, both provide specific warnings to a claimant that deliberately filing a false statement or claim or withholding information to receive benefits could result in benefits being terminated, penalties being assessed and the claimant being arrested, fined and imprisoned.

6. MODES relied upon the worker's answers in the weekly claim to determine whether to continue paying benefits.

7. An eligible worker can receive up to 26 weeks of state-funded benefits per benefit year. The federal government funds some of the administrative costs incurred by MODES. After the initial benefit period, a worker can receive extended unemployment benefits funded by the federal government.

8. MODES pays UI Benefits by issuing a debit card to a worker or by issuing a check to the worker or by an automatic deposit into an account designated by the worker.

9. On July 1, 2008, the U.S. Congress (Congress) passed an Emergency Unemployment Compensation law which provides that any extended UI benefits which an unemployed worker is eligible to receive will be 100 percent federally funded. A worker is eligible to receive extended UI benefits only after the worker's state funded UI benefits expired. To fund these federal benefits, Congress created and moved funding into the Extended Unemployment Compensation Account (EUCA). The state was permitted to periodically draw money from the EUCA to fund all extended UI benefits.

10. On February 17, 2009, Congress passed the American Reinvestment and Recovery Act (ARRA), which contributed additional funds for unemployment benefits. One of the provisions of ARRA called for every worker currently receiving state UI benefits to receive an additional $25 in federal funds each week.

11. At times pertinent to this indictment in the years 2009 through 2011, **LORRAINE JACKSON-McCLURE**, the defendant, applied for and received UI benefits through MODES to which she was not entitled. The defendant represented on a weekly basis that she earned no income or she underreported her income when, in fact, she was employed and had income that

made her ineligible to receive UI benefits. In those years, the defendant fraudulently received $16,085 in federal benefits and $14,326 in Missouri state benefits. The benefits were deposited onto a Missouri Access MasterCard debit card that was mailed to the defendant.

12. From in or about June, 2009 through in or about July, 2011, in the Eastern District of Missouri,

**LORRAINE JACKSON-McCLURE,**

the defendant, did knowingly and willfully steal, purloin and knowingly convert to her own use money belonging to the United States with an aggregate value of $1,000.00 or more, to wit, unemployment benefits with an aggregate value of $16,085, all as part of a single scheme and plan to obtain unemployment benefits while employed.

In violation of Title 18, United States Code, Section 641.

Dated: _____                      A TRUE BILL


                                             _____
                                             FOREPERSON

                                             RICHARD G. CALLAHAN
                                             United States Attorney


                                             _____
                                             Gwendolyn E. Carroll
                                             Assistant United States Attorney